This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**GERLYN TRUJILLO, individually, and as Personal Representative of the Estate of Steven Trujillo, Deceased,**

Petitioner-Appellant,

**v.**                                                                    **No. 35,339**

**ANN S. CHRISTENSEN, and CHRISTENSEN CONSULTING, as Personal Representative of the Estate of Mabel Trujillo, Deceased; and DAVID TRUJILLO, individually,**

Respondents-Appellees,

**IN THE MATTER OF THE ESTATE OF
MABEL TRUJILLO, Deceased.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Raymond Z. Ortiz, District Judge**

Roepke Law Firm, LLC
Karl H. Roepke
Megan P. Duffy
Albuquerque, NM

for Appellant

Sawtell, Wirth & Biedscheid, P.C.
Bryan P. Biedscheid
Santa Fe, NM

The Cullen Law Firm, P.C.
Christopher Cullen
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}    Petitioner Gerlyn Trujillo seeks to appeal from the district court's order of December 10, 2015, characterizing Petitioner's claims against the Personal Representative of Mabel Trujillo's Estate as claims against the Estate and deciding that they are time-barred by NMSA 1978, § 45-3-803 (2011). We issued a notice of proposed summary dismissal based on the lack of decretal language that carries the decision into effect by ordering that something happen or directing a judgment. The Personal Representative of Mabel Trujillo's Estate (the PR) has filed a memorandum in opposition to our notice, which we have duly considered. Petitioner has not filed a response to our notice. The PR does not persuade us that the district court's order of December 10, 2015, contains language that achieves the requisite clarity and certainty of a final judgment. We therefore dismiss.

{2}    To avoid the unnecessary duplication of efforts in this non-precedential opinion, we address only those arguments made in response to our notice. In the memorandum in opposition, the PR argues that our analysis proposing summary dismissal was erroneous because it was not guided by the finality principles applicable to probate

2

actions, relying on *In re Estate of Newalla*, 1992-NMCA-084, 114 N.M. 290, 837 P.2d 1373. [MIO 2-5] The response suggests that our notice proposed dismissal based on the existence of outstanding claims. [MIO 3-5] While the existence of unresolved claims is certainly relevant to finality, this was not the focus of our proposed analysis.

{3} Our notice recognized that "[i]n the context of probate proceedings, 'each proceeding before the district court or probate court is independent of any other proceeding involving the same estate.'" *Clinesmith v. Temmerman*, 2013-NMCA-024, ¶ 36, 298 P.3d 458 (quoting the Uniform Probate Code, NMSA 1978, § 45-3-107 (1975)). We indicated that because of the unique independence of each petition in probate proceedings, the district court's order of December 10, 2015, could be a final decision on Petitioner's attempt to compel the Estate to pay on the note, if the order contained decretal language or provisions directing the entry of judgment. [RP 132-33] We recounted some of the pending claims, the multiple actions, and even the various estates relevant to the current appeal not to demonstrate the lack of finality under the generally required adjudication of all matters, but to illustrate the particular need for certainty and clarity in the disposition of claims in the order at issue, minding the potential finality of each discrete probate proceeding. We relied heavily on New Mexico Supreme Court precedent directing our courts to be clear about what and whose claims are being disposed of and why, by requiring decretal language in formal

3

written orders, in order to create certainty and thereby protect the rights of litigants and the integrity of our justice system. *See State v. Lohberger*, 2008-NMSC-033, ¶¶ 20, 22, 34, 144 N.M. 297, 187 P.3d 162.

**{4}** The PR's response maintains that the need for a judgment to order that something happen or that a party must pay a sum certain is not applicable in probate proceedings. [MIO 4] The PR refers us to no authority to support this proposition, and we are not aware of any authority that would remove probate proceedings from the need for entry of a judgment—a formal written order with "decretal language that carries the decision into effect by ordering that something happen[.]" *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 13, 125 N.M. 680, 964 P.2d 844 (defining the meaning of a judgment under Rule 1-054, as opposed to a decision). In fact, in *Newalla*, this Court recognized that certain generally recognized principles of finality are applicable in probate proceedings, stating that where a probate order resolves some but not all matters raised in a single petition, the order on the petition may be deemed final, but only upon a certification that there is no just reason for delay under Rule 1-054(C)(1), renumbered as Rule 1-054(B)(1) NMRA. *See Newalla*, 1992-NMCA-084, ¶ 16. We recognized the applicability of Rule 1-054 in *Newalla* while grappling with the unique difficulty of determining the scope of an independent probate proceeding and the importance of certainty and practicality in this context. *See id.* ¶ 14. This need for

certainty and practicality in probate actions mirrors the purpose of decretal language, which bears repeating:

> It is based on the very practical need for clarity in ascertaining exactly when a case has been disposed of, and by whom, and for what reason. There are some things that simply should not be left to the eye of the beholder. The rights of litigants and the integrity of our system of justice depend on a reasonable level of certainty in recording the final decisions of our courts.

*Lohberger*, 2008-NMSC-033, ¶ 34.

{5}     The remaining arguments the PR raises in the response address the merits of the district court's decision that Petitioner's claims relative to the mortgage debt are time-barred, and do not relate to the absence of decretal language. Because the district court's order of December 10, 2015, does not contain language that carries into effect any decision in the order—by dismissing claims deemed time-barred, for instance—we hold that the order does not contain the requisite decretal language.  [RP 132-33]

{6}     For the reasons set forth in this opinion and in our notice, we dismiss for lack of a final, appealable order. *See Khalsa*, 1998-NMCA-110, ¶ 2 (explaining that all issues of law and fact are not fully disposed of, and therefore the judgment or order is non-final, where the trial court has entered a judgment or order that includes neither "decretal language nor provisions directing the entry of judgment").

{7}     **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**STEPHEN G. FRENCH, Judge**